UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOMINO JOHNSON                                      CIVIL ACTION

VERSUS                                              NO. 07-1414

CORNEL HUBERT                                       SECTION "M"(5)

## TRANSFER ORDER

Petitioner, DOMINO JOHNSON, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his January 2000 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1)  A conflict of interest existed between the trial judge and petitioner's court-appointed defense counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

A review of this Court's records reflects that petitioner has filed several prior petitions for writ of habeas corpus related to this same conviction and sentence. On May 1, 2002, he filed a habeas corpus petition, entitled Domino Johnson v. Baron Kaylo, Warden, Civil Action 02-1411 "M"(5). In that petition, petitioner raised the following grounds for relief:

1)  The police lacked probable cause to stop his vehicle.

2)  The evidence presented at his trial was insufficient to support a conviction.

That petition was dismissed with prejudice on the merits by Judgment entered September 5, 2003. Petitioner appealed. In January 2004, the United States Fifth Circuit Court of Appeals denied petitioner's request for a certificate of appealability. Johnson v. C. Martin Lensing, Warden, Hunt Correctional Center, 03-30869 (5th Cir. 2004).

On March 16, 2005, Johnson filed another petition for writ of habeas corpus, entitled Johnson v. Richard Stalder, et al., Civil Action 05-0873 "M"(5). In that petition, he raised the following grounds for relief:

1) The evidence presented at trial was insufficient to support a conviction.

2) His conviction violated double jeopardy.

3) A conflict of interest existed between the trial judge and defense counsel.

4) His indictment violated Apprendi v. New Jersey, 530 U.S. 466 (2000).

5) The State put his character at issue.

6) The State did not file a timely indictment or information.

7) The State did not take him before a judicial officer after his warrantless arrest.

By Order signed March 31, 2005, this Court construed the petition in part as a motion for authorization for the district court to consider the successive claims raised therein, and transferred the petition to the United States Fifth Circuit Court of Appeals for a determination regarding whether petitioner was authorized under 28 U.S.C. § 2244(b) to file the habeas corpus petition in district court. The Fifth Circuit denied the motion for authorization in May 2005. See In Re: Domino Johnson, 05-30344 (5th Cir. 2005).

Petitioner filed another petition for writ of habeas corpus, entitled Domino Johnson v. Cornel Hubert, Civil Action 05-3774 "M"(5). Once again, the court construed the petition in part as a

motion for authorization for the district court to consider the successive claims raised therein, and transferred the petition to the United States Fifth Circuit Court of Appeals. The Fifth Circuit denied the request for authorization and warned petitioner that further attempts to file a successive habeas corpus application directly in district court would invite the imposition of sanctions. In Re: Domino Johnson, 05-30933 (5th Cir. 2005).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that DOMINO JOHNSON's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this \_\_\_\_5th\_\_\_\_ day of _____April_____, 2007.

_____
UNITED STATES DISTRICT JUDGE